UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELIPE MARTINS GUIMARAES BROMFMAN, | |
| Plaintiff, | Civil Action No. 21-cv-571 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Felipe Martins Guimaraes Bromfman, a citizen of Brazil who wishes to immigrate to the United States with his wife and daughter, seeks to compel the U.S. Citizenship and Immigration Services ("USCIS") and the acting chief of USCIS's Immigrant Investor Program Office to adjudicate his I-526 petition, which has been pending without decision for less than two years. Compl. ¶¶ 2, 25, ECF No. 1. An I-526 petition is "the mechanism by which individuals who are eligible to immigrate to the United States through the fifth employment-based visa preference category (commonly known as 'EB-5') obtain recognition from the government that they have satisfied the investment and job-creation requirements of that visa-preference category." *Id.* ¶ 2. Defendants have moved to dismiss the complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of jurisdiction, Defs.' Mem. Pts. & Auth. Supp. Defs.' Mot. Dismiss ("Defs.' Mem.") at 1, ECF No. 5-1, and for failure to allege a plausible claim "that the alleged delay [p]laintiff has encountered constitutes an unreasonable or extraordinary delay that is actionable under the Mandamus Act, the [Administrative Procedure Act ("APA")], or the Declaratory Judgement Act," *id.* at 1–2. Defendants also move to dismiss the complaint as moot because Congress failed to renew the statutory authorization for the EB-5

1

program through which plaintiff seeks to have his I-526 petition adjudicated.  Defs.' Supp. Br. at 2, ECF No. 9.  Plaintiff disputes that his complaint is moot because USCIS potentially could decide plaintiff's petition under a different framework, Pl.'s Supp. Mem. Opp'n to Defs.' Mot. Dismiss ("Pl.'s Supp. Mem.") at 4 n.1, ECF No. 10, and further contests defendants' motion to dismiss, *see generally*, Pl.'s Mem. Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 6.  Alternatively, plaintiff requests that this case be stayed to give Congress time to reauthorize the Regional Center Program.  Pl.'s Supp. Mem. at 1.

For the reasons set forth below, this complaint is dismissed as moot.

## I. BACKGROUND

Following brief review of the statutory and regulatory background, the factual history underlying the claims and procedural history of this case are summarized below.

### A. Statutory and Regulatory Background

The Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., authorizes the issuance of visas to different categories of immigrants, including, under the so-called "EB-5" program, to immigrants who contribute to "employment creation" by investing in new commercial enterprises that create full-time jobs for American workers, Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989 (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)); *see* 8 C.F.R. § 204.6 (2020) (defining the requirements and process for EB-5 "alien entrepreneur" classification).  To qualify for a visa under the EB-5 program, an immigrant must "create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent residency or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters)."  8 U.S.C. § 1153(b)(5)(A)(ii).  To that end, the immigrant must have made or be in the process of

making an investment of at least $1,000,000 generally or at least $500,000 into a "targeted employment area." *Id.* § 1153(b)(5)(C)(ii).[1]

USCIS permits certain so-called "economic units" to apply for categorization as a "targeted employment area" and designation as a "regional center" through the Immigrant Investor Pilot Program, also called the Regional Center Program. *See* Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act of 1993 ("Appropriations Act"), Pub. L. No. 102-395, § 610(a), 106 Stat. 1828, 1874 (Oct. 6, 1992); 8 C.F.R. § 204.6(m); Defs.' Supp. Br. at 2. Upon designation as a regional center, foreign investors may then invest the requisite threshold amount of funds in the center to satisfy the EB-5 employment-creation requirement by creating jobs indirectly. 8 C.F.R. §§ 204.6(j)(4)(iii), 204.6(m)(7)(ii); *see also* Interim Rule, *Immigrant Investor Pilot Program*, 58 Fed. Reg. 44,606, 44,607 (Aug. 24, 1993). Foreign investors seeking EB-5 visas through the Regional Center Program must first file a petition with USCIS, using Form I-526, to petition for classification as an EB-5 investor. *See* 8 C.F.R. §§ 204.6(a), (c).

Although initially established as a five-year pilot program, Congress has reauthorized the Regional Center Program at least thirty times since its establishment in 1992. *Nadhar v. Renaud*, No. 21-00275, 2021 WL 2401398, at *4 (D. Ariz. June 11, 2021). Most recently, the program was set to—and did—expire on June 30, 2021. *See* Appropriations Act, *as amended by*, Consolidated Appropriations Act of 2021, Pub. L. No. 116-260, Div. O, § 104, 134 Stat 1182, 2148 (2020). To date, Congress has not reauthorized the program.

---

[1] Effective November 21, 2019, the threshold amounts required for EB-5 investments were increased from $1,000,000 to $1,800,000 generally and from $500,000 to $900,000 for targeted employment areas. *See* Final Rule, *EB-5 Immigrant Investor Program Modernization*, 84 Fed. Reg. 35,750, 35,808 (July 24, 2019). The parties agree that, because plaintiff filed a Form I-526 petition on October 1, 2019, before the threshold amounts were increased, plaintiff would qualify for the program having previously invested the required funds. *See* Defs.' Mem. at 2 n.1; Compl. ¶ 9.

### B. Factual Background

Plaintiff filed a Form I-526 petition on October 1, 2019, seeking classification for himself and his family as EB-5 immigrants through the Regional Center Program. Compl. ¶¶ 25–26. To qualify for the classification, plaintiff invested $500,000 in Hall Arts II Fund, LP (the "Project"), a new commercial enterprise associated with UCDA North Texas Regional Center, LLC, a regional center designated by USCIS. *Id.* ¶ 26. "The Project [was] located in a targeted employment area and [would] create more than 3,300 new jobs." *Id.* ¶ 28.

On November 30, 2017, USCIS approved the Project as EB-5 compliant and also approved a related exemplar I-526 petition. *Id.* ¶ 30. Notably, USCIS determined that "individual I-526 filings in the project would be accorded deference." *Id*. Accordingly, "USCIS has . . . approved at least seven I-526 petitions [from] other EB-5 investors in the Project." *Id.* ¶ 31. Nonetheless, "USCIS has taken no adjudicatory action on [p]laintiff's I-526 petition, even though the petition was filed more than seventeen months ago." *Id.* ¶ 32.

### C. Procedural Background

On March 3, 2021, plaintiff initiated this litigation, challenging defendants' delay in adjudicating his I-526 petition under the APA and seeking a writ of mandamus requiring defendants to adjudicate his I-526 petition. *See* Compl. at 1, 11–14, 17. In response, defendants moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for lack of jurisdiction, *see* Defs.' Mem. at 1, and for failure to state a claim, *id.* at 1–2, which motion became ripe for resolution on May 26, 2021, *see* Defs.' Reply Supp. Defs.' Mot. Dismiss ("Defs.' Reply"), ECF No. 8. As noted earlier, while the motion was pending, the Regional Center Program's statutory authorization reached its sunset on June 30, 2021. Congress has yet to reauthorize the program. Accordingly, this Court requested, and the parties submitted, supplemental briefing addressing the effect of Congress's failure to renew the program's

4

statutory authorization on defendants' pending motion, *see* Min. Order (July 23, 2021); Defs.' Supp. Br.; Pl.'s Supp. Mem.; Pl.'s Resp. Defs.' Supp. Br. ("Pl.'s Resp."), ECF No. 11; Defs.' Resp. Pl.'s Supp. Mem., ECF No. 12.  In response to further Court inquiry, *see* Min. Order (Aug. 4, 2021), defendants submitted further briefing explaining the government's somewhat inconsistent policy in similar cases involving I-526 petitions that rely on the Regional Center Program where it voluntarily agreed to stay proceedings rather than moving to dismiss the complaint as moot, *see generally* Defs.' Resp. Court Order, ECF No. 13.

**II.     DISCUSSION**

Defendants move to dismiss, under Federal Rule of Civil Procedure 12(b)(1) and (6), arguing that (1) this Court lacks jurisdiction to consider plaintiff's claims under the Mandamus Act because plaintiff fails "to plausibly allege a clear right to relief, a clear duty of [d]efendants to act, or the inability to obtain adequate relief under the APA," Defs.' Mem. at 1, and (2) plaintiff fails to state a claim of unreasonable delay of the adjudication of plaintiff's I-526 petition because plaintiff fails to allege plausibly "that the alleged delay [p]laintiff has encountered constitutes an unreasonable or extraordinary delay that is actionable under the Mandamus Act, the APA, or the Declaratory Judgement Act," *id.* at 1–2.[2]  Moreover, because the Regional Center Program's statutory authorization has expired without reauthorization by

---

[2] Defendants acknowledge the omission of an index of an administrative record contemporaneously with the dispositive motion, positing that the index "is unnecessary to resolve the legal arguments presented in this motion" because "the basis for [plaintiff's] challenge is not final agency action, but rather agency inaction." Defs.' Mem. at 9 n.6.  In the alternative, if this Court deems Local Civil Rule 7(n) applicable here, defendants formally move to waive compliance with the requirements of the rule.  *Id*.  Local Civil Rule 7(n) requires agencies, in cases involving judicial review of administrative agency actions, to "file a certified list of contents of the administrative record with the Court within 30 days following service of . . . the filing of a dispositive motion."  LCvR 7(n).  Following the practice of other courts in this jurisdiction, the Court grants defendants' motion to waive compliance with Local Civil Rule 7(n) because "the administrative record is not necessary for [the court's] decision." *Connecticut v. United States Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (quoting *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) and citing *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014)).

Congress, defendants argue that the complaint should be dismissed as moot. Defs.' Supp. Br. at 2. For the reasons outlined below, the Court agrees that this action is now moot. In light of this finding, the parties' other arguments need not be addressed.[3]

As the Supreme Court has explained "Article III of the Constitution limits federal subject matter jurisdiction to 'cases' and 'controversies,'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. CONST. art. III, § 2), a requirement interpreted "to demand that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,'" *id.* (omission in original) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019) (quoting *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)). For example, "a case is moot if intervening events make it impossible 'to grant any effectual

---

[3] As support for imposing a stay, plaintiff relies upon *Hulley Enterprises Ltd. v. Russian Federation*, 211 F. Supp. 3d 269 (D.D.C. 2016), and *Novenergia II - Energy & Environment (SCA) v. Kingdom of Spain*, No. 18-CV-01148 (TSC), 2020 WL 417794 (D.D.C. Jan. 27, 2020), two cases where district courts granted a party's request for a stay, without resolving whether the court lacked subject-matter jurisdiction to hear the merits of the case, Pl.'s Supp. Mem. at 2–4, 4 n.1. The reasoning in both *Hulley* and *Novenergia* relied on the Supreme Court's ruling in *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), that "a court *may*, for the sake of efficiency, decline to determine its subject matter jurisdiction prior to deciding a 'threshold, nonmerits issue' presented by a case." *Hulley*, 211 F. Supp. 3d at 279–80 (emphasis added) (quoting *Sinochem*, 549 U.S. at 433); *Novenergia*, 2020 WL 417794 at *2 ("When confronted with . . . a non-merits, nonjurisdictional threshold issue, and 'when considerations of convenience, fairness, and judicial economy so warrant,' a district court can 'bypass[ ] questions of subject-matter and personal jurisdiction.'" (alteration in original) (quoting *Sinochem*, 549 U.S. at 432)). Accordingly, both courts held that "stays are a threshold, non-merits issue which a court may consider before resolving jurisdictional issues," *Novenergia*, 2020 WL 417794 at *2 (collecting cases holding the same), and proceeded to consider whether a stay was appropriate without determining whether they lacked jurisdiction to decide the merits of the cases. In the instant matter, the Court finds no need, in the interests of "convenience, fairness, and judicial economy" to bypass the question of subject-matter jurisdiction and, indeed, finds that the interest of judicial economy is met by dismissing this action since *no* district court could redress the claim brought by the plaintiff. Furthermore, unlike in *Hulley* and *Novenergia* where the parties were involved in related pending proceedings in another forum rendering an issuance of a stay appropriate, *see, e.g.*, *Hulley*, 211 F. Supp. 3d at 276–77, due to the expiration of the Regional Center Program, no pending agency proceeding exists that may have any bearing on the outcome of this case. Additionally, as discussed *infra*, the mootness issue in the instant case does not raise difficult and complex questions that weigh heavily toward resolving the stay issue to bypass a thorny jurisdictional issue in the interest of judicial economy. *See Novenergia*, 2020 WL 417794 at *2. In sum, although the Court has discretion to issue a stay before resolving the mootness issue, the circumstances of this case militate in favor of addressing the mootness issue promptly.

relief.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Thus, "the mootness doctrine prohibits [courts] from deciding a case if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *J.T. v. District of Columbia*, 983 F.3d 516, 522 (D.C. Cir. 2020) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (internal quotation marks omitted)). The initial "heavy burden" of establishing mootness lies with the party asserting a case is moot, *see Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459 (D.C.Cir.1998), but the opposing party bears the burden of showing an exception applies, *see S. Co. Servs., Inc. v. FERC*, 416 F.3d 39, 43 (D.C. Cir. 2005).

Defendants contend that this case should be dismissed as moot because plaintiff's complaint alleges "delay in adjudicating [p]laintiff's Form I-526 petition," Compl. at 17, which relies solely on "the Regional Center Program—the statutory subset of the EB-5 program through which [p]laintiff invested," *id.* ¶ 5, and the program's statutory authorization expired on June 30, 2021, and has not been reauthorized by Congress, Defs.' Supp. Br. at 4–5. Plaintiff all but concedes that the case is moot, *see generally* Pl.'s Supp. Mem. (focusing on requesting a stay of the proceedings instead of on the issue of jurisdiction); Pl.'s Resp. (same), arguing only in a footnote that the lapse of the Regional Center Program's statutory authorization might not moot this case because "the broader EB-5 Program remains in full force and the agency could accordingly decide [p]laintiff's I-526 petition under that existing framework," Pl.'s Supp. Mem. at 4 n.1.

Defendants are correct that plaintiff's claim is now moot. Courts in this circuit have held in numerous instances that a case is moot because an expiration date has passed. *See, e.g.*, *S. Co. Servs.*, 416 F.3d at 43; *McBryde v. Comm. to Review Circuit Council Conduct & Disability Ords.*

*of Jud. Conf.*, 264 F.3d 52, 55 (D.C. Cir. 2001); *Yung-Kai Lu v. Tillerson*, 292 F. Supp. 3d 276, 281–82 (D.D.C. 2018) (finding no live case or controversy was presented, because the period of plaintiff's eligibility for a diversity visa had lapsed so "[n]o matter the merits of Plaintiff's application . . . this Court cannot act if the remedy he seeks is illusory"). Plaintiff does not cite a single case with a contrary holding. The statutory authority for the program on which plaintiff's petition relies to qualify for an EB-5 visa has lapsed; therefore, this Court has no authority to order relief for plaintiff's claim arising from his I-526 petition. To the extent defendants retain any authority to take any action on Regional-Center-Program-based petitions,[4] any further steps that defendants might take to process plaintiff's application "would not advance [plaintiff's] efforts to obtain a Regional Center visa—since Congress has not authorized any." Defs.' Supp. Br. at 5. The intervention of the Regional Program's statutory expiration "make[s] it impossible [for this Court] 'to grant any effectual relief.'" *Porzecanski*, 943 F.3d at 479 (quoting *Church of Scientology*, 506 U.S. at 12).

Plaintiff's unsupported contention that defendants may be able to adjudicate his I-526 petition under the broader EB-5 framework lacks merit. Plaintiff's complaint is replete with allegations that the expiration of the Regional Center Program would bar plaintiff from receiving any immigration benefits. *See, e.g.*, Compl. ¶ 5 ("Unless [p]laintiff's I-526 petition is adjudicated and [p]laintiff immigrates to the United States before the Regional Center Program's sunset, the agency's unreasonable delay will function as a de facto denial, barring [p]laintiff from obtaining any immigration benefits despite his compliance with all preexisting standards."); *id.* ¶

---

[4] Since the lapse of the Regional Center Program's statutory authority, USCIS has stated that it will reject I-526 petitions filed on or after July 1, 2021, and will not act on any pending I-526 petition "that is dependent on the lapsed statutory authority and was filed before the end of the statutory authorization." USCIS, ABOUT THE EB 5 VISA CLASSIFICATION (Oct. 4, 2021), https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/about-the-eb-5-visa-classification (last accessed Oct. 12, 2021).

13 ("If Congress does not authorize an extension of the program, then investors in Regional Center projects who have yet to immigrate to the United States will lose the ability to claim credit for jobs created indirectly and will therefore become ineligible to immigrate to the United States based on their investments . . . ."); *id.* ¶ 35 ("[I]f [p]laintiff's I-526 petition remains pending at the time the Regional Center Program expires, [p]laintiff will be rendered ineligible to immigrate to the United States through his EB-5 investment . . . ."). Taking plaintiff's allegations as true, plaintiff unfortunately embedded throughout his complaint all the factual allegations this Court needs to determine that the expiration of the Regional Center Program renders his complaint moot.

Accordingly, plaintiff's claim of unreasonable delay in the adjudication of his I-526 petition is now moot, and the complaint must be dismissed.[5]

### III.   CONCLUSION AND ORDER

Upon consideration of defendants' Motion to Dismiss, ECF No. 5, the memoranda submitted in support and opposition; and the full record herein, for the foregoing reasons, it is hereby—

**ORDERED** that defendants' Motion to Dismiss, ECF No. 5, is **GRANTED**; and it is further

---

[5] The Court finds very concerning the government's arbitrary policy to, on the one hand, "agree to voluntarily stay . . . cases [that have been pending some time before the statutory sunset] until statutory authorization returns," Defs.' Resp. Court Order at 1, and, on the other, to "seek[] to dismiss . . . cases [that were filed shortly before the sunset] . . . or where active litigation has already ensued," *id.* at 1–2, even though the government "believes that the Court presently lacks jurisdiction over . . . [all] cases," *id.* at 1. Nonetheless, defendants in the instant case *have* raised a challenge concerning the Court's subject-matter jurisdiction, and the Court finds that the interests of judicial economy weigh in favor of resolving the jurisdictional issue rather than considering the appropriateness of a stay, *see supra* note 3. Thus, although the Court finds the government's policy troubling, its arbitrariness does not change the Court's ultimate finding of mootness or the Court's decision to bypass consideration of a stay.

**ORDERED** that defendants' Motion to Waive Compliance with Local Civil Rule 7(n), submitted as part of defendants' Motion to Dismiss, ECF No. 5 at page 9 n.6, is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED.**

Date:  October 28, 2021

*This is a final and appealable order.*

                                                    _____
                                                    BERYL A. HOWELL
                                                    Chief Judge